NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

ELPIDIO VEGA RANGEL,
*Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF
ARIZONA,
*Respondent*,

ERNESTO LUEVANO,
*Respondent Employer*,

SPECIAL FUND DIVISION/NO
INSURANCE SECTION,
*Respondent Party in Interest*.

No. 1 CA-IC 16-0005
FILED 10-18-2016

———————————————

Special Action - Industrial Commission
ICA CLAIM NO. 20151-180082
The Honorable Anthony Halas, Administrative Law Judge

**AWARD SET ASIDE**

———————————————

Elpidio Vega Rangel, Phoenix
*Petitioner*

Industrial Commission of Arizona, Phoenix
By Jason M. Porter
*Counsel for Respondent ICA*

Industrial Commission of Arizona, Phoenix
By Stephen D. Ball
*Counsel for Respondent Employer/Carrier*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Jon W. Thompson and Judge Edward W. Bassett joined.[1]

---

**J O H N S E N**, Judge:

**¶1** This is a special action review of an Industrial Commission of Arizona ("ICA") award of a non-compensable injury. Elpidio Vega Rangel argues the administrative law judge ("ALJ") erred by finding he failed to meet his burden to show that Ernesto Luevano was an employer under the Workers' Compensation Act. For the reasons that follow, we set aside the award.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2** According to the evidence before the ALJ, Rangel lived in a home owned by Luevano.[2] The monthly rent was $525, but since 2009, Luevano allowed Rangel to live rent-free in exchange for services. Rangel

---

[1] The Honorable Edward W. Bassett, Judge of the Arizona Superior Court, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2] "We will affirm a Commission decision if it is reasonably supported by the evidence after reviewing the evidence in a light most favorable to sustaining the award." *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002).

was responsible for collecting rent from the tenants in nine other nearby homes owned by Luevano, making repairs to all the homes, painting and cleaning the homes after tenants moved out and before other tenants moved in, maintaining the common areas of the properties, and generally "keep[ing] an eye on things." Luevano supplied Rangel with a credit card for maintenance expenses, for which Luevano paid the bill. Although Rangel did not have a set work schedule, he had to be available all day, every day, for repairs. This arrangement continued for at least five years, except for a few short periods when Rangel was out of town. During those times, Rangel was responsible for paying his rent, although Luevano does not remember ever collecting any rent from Rangel.

¶3 One night in 2014, two tenants called Rangel to complain about suspicious people in the property parking lot. Rangel went to the parking lot to investigate, and there confronted six people. After an exchange of some sort, Rangel was shot three times, sustaining multiple injuries.

¶4 Rangel filed a claim for workers' compensation, which the Special Fund Division/No Insurance Section of the Industrial Commission of Arizona denied. Rangel protested the denial and requested a hearing. At the hearing, Luevano and the No Insurance Section asserted three arguments: (1) Luevano is not an employer under the Workers' Compensation Act because his primary occupation is not that of a landlord and he does not regularly employ people in the property management business; (2) Rangel was not an employee under the Act because his work was sporadic and subject to no definite terms of employment; and (3) Rangel's injury did not arise out of and in the course of his employment.

¶5 In his Decision Upon Hearing, the ALJ found Rangel failed to show that Luevano was an employer under the Act. The ALJ did not address the other two arguments Luevano and the No Insurance Section raised. Rangel requested review and the ALJ affirmed his decision. This special action timely followed.

¶6 This court has jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(2) (2016) and 23-951 (2016) and Rule 10 of the Arizona Rules of Procedure for Special Actions.[3]

---

[3]    Absent material revision after the relevant date, we cite a statute's current version.

## DISCUSSION

¶7        We defer to the ALJ's factual findings, but review *de novo* the determination of whether an employer-employee relationship existed. *Henderson-Jones v. Indus. Comm'n*, 233 Ariz. 188, 191-92, ¶ 9 (App. 2013).

¶8        To be entitled to benefits under the Arizona Worker's Compensation Act, a worker must have been "in the service of an employer subject to the Act at the time of the injury." *Id.* at 192, ¶ 11. A claimant bears the burden of establishing all elements of the claim by a preponderance of the evidence. *Special Fund Div./No Ins. Section v. Indus. Comm'n*, 172 Ariz. 319, 324 (App. 1992).

¶9        Employers subject to the Act include "every person who employs any workers . . . regularly employed in the same business . . . under contract of hire." A.R.S. § 23-902(A) (2016). The term "regularly employed" includes "all employments, whether continuous throughout the year, or for only a portion of the year, in the usual trade, business, profession or occupation of an employer." *Id.*

¶10       A business need not be profitable or entrepreneurial to bring an employer within the Act. *See Greenway Baptist Church v. Indus. Comm'n*, 130 Ariz. 482, 484 (App. 1981) (church can be employer for the purposes of the Act). An employer who is "regularly using his [worker's] labor in a commercial enterprise" is subject to the Act. *Griebel v. Indus. Comm'n*, 133 Ariz. 270, 273-74 (App. 1982) (homeowner who paid handyman to work on home but who had no intent to exploit his labor by reselling home at a profit not an employer subject to Act).

¶11       The ALJ heard evidence that Luevano works full time at a manufacturing company, and that the homes he owns and rents out are an hour's drive from his own home. Luevano testified he purchased the houses as investment properties, although he does not always make a profit.

¶12       On the record presented, the dozen rental properties Luevano owns are a commercial enterprise constituting a "trade, business, profession or occupation" that renders him an employer for purposes of the workers' compensation laws. *See Greenway*, 130 Ariz. at 484. The ALJ erred by concluding that because Luevano had a full-time job elsewhere, he was not also engaged in the business of property management. That Luevano's property management business was not his main source of income, or that it may not have been consistently profitable, is not dispositive. The properties Luevano owned and rented out constituted such a significant

enterprise that, as landlord, Luevano was willing to forego rent on one of the units in exchange for Rangel's agreement to live on-site and perform a variety of services with respect to the other properties. Under § 23-902(A), Luevano plainly was an "employer" with respect to his ownership and maintenance of the rental properties.

## CONCLUSION

¶13        For the foregoing reasons, we set aside the award.



AMY M. WOOD • Clerk of the Court
FILED: AA